**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

**Re: CHARLES ZANDFORD CASE No. 05-13305-PJW**

# DEBTOR/APPELLANT'S DESIGNATION OF ISSUES ON APPEAL

**Charles Zandford (pro se)**
**420 Union St.**
**Milton, DE. 19968**
**(302) 351-4693**

On October 11, 2005, Charles Zandford (the Appellant) filed a pro se Chapter 7 bankruptcy Petition with the United States Bankruptcy Court for the District of Delaware (CASE No. 05-13305-PJW). In his Petition, the Appellant indicated that his wife had passed away (intestate) and that there was an estate but he did not know how much, if any, he would inherit. This Petition was subsequently amended by a bankruptcy attorney.

In November 2005, a distribution of $75,000 was declared and subsequently paid by the estate administrator to the Chapter 7 Trustee. The Securities and Exchange Commission ('SEC') filed a Proof of Claim in the principal amount of $343,000 as an unsecured creditor in the bankruptcy case. [1]

The Appellant filed a Petition with the Bankruptcy Court to disallow SEC's Proof of Claim for lack of standing. The Appellant did not challenge this debt or its collectability. The point of law raised by the Appellant's Petition before the Bankruptcy Court was that the delinquent debt owed to SEC was subject to the Debt Collection Improvement Act of 1996 (DCIA), which mandates all federal agencies to transfer past due, legally enforceable, none-tax debts that are more than 180 days delinquent to the Department of Treasury (Treasury) for collection by administrative offset and for Cross-Servicing on the agencies' behalf. 31 U.S.C. §3711 (g), 31 CFR 285.12 ( c)(1) and 31 CFR 285.12(g).

Thus, the issue before the Bankruptcy Court was which agency was mandated by the DCIA to collect this delinquent debt -the Treasury or the SEC. The Bankruptcy Court denied the Appellant's Petition based on its misinterpretation and misapplication of §900.8 of the Federal Claims Collection Standards ( 31 CFR Chapter IX and Parts 900, 901, 902, 903, and 904), and allowed SEC to proceed with its Proof of Claim.

---

1. SEC's claim arises from a disgorgement order issued by Judge Andre M. Davis of the U.S. District Court for the District of Maryland on March 2, 1999, and re-instated after a lengthy appellate process on February 24, 2004, ordering disgorgement in the amount of $343,000 to be paid within 30 days. No payment was made, and the debt became delinquent 30 days thereafter – on March 27, 2004. The Chapter 7 bankruptcy was filed on October 11, 2005.

The regulations implementing the DCIA and its amending acts are found in the Federal Claims Collection Standards (FCCS), the joint regulations issued by the Treasury Department and the Attorney General of the Department of Justice (DOJ). The FCCS was enacted to reflect legislative changes to centralized Federal debt collection procedures enacted under the DCIA of 1996 (DCIA), Public Law 104-134, 110 Stat. 1321-358, as part of the Omnibus Consolidated Rescissions and Appropriations Act of 1996.[2]

The Bankruptcy Court has made an error in that the FCCS and its implementing rules apply to debts subject to centralized collection by the Treasury pursuant to the statutory requirements of the DCIA. Given that this debt was not referred to Treasury for collection on behalf of SEC , then §900.8 which enforces the Treasury's centralized collection activities is inapplicable to this case. SEC must refer this debt to Treasury upon conclusion of this case for collection on its behalf pursuant to 31 U.S.C. §3711 (g), and 31 CFR 285.12 ( c)(1).

The Appellant does not challenge this debt or its collectability. The issue for this Court's determination is which agency is mandated by the DCIA to collect this delinquent debt, The Treasury or the SEC.

If the Court finds that this debt is subject to the DCIA's requirement of mandatory referral to Treasury for collection, then the DCIA, and its implementing regulations prohibit SEC from undertaking an alternative collection procedure – namely filing a Proof of Claim in the bankruptcy case, because Treasury is statutorily mandated to collect this debt on SEC's behalf based upon its own centralized debt collection rules.

---

2. Additional rules governing centralized administrative offset and the transfer of delinquent debt to the Department of the Treasury or Treasury-designated debt collection centers for collection (cross-servicing) under the Debt Collection Improvement Act of 1996, Public Law 104–134, 110 Stat. 1321, 1358 (April 26, 1996), are issued in separate regulations by Treasury. Rules governing the use of certain debt collection tools created under the Debt Collection Improvement Act of 1996, such as administrative wage garnishment, also are issued in separate regulations by Treasury are contained in 31 CFR part 285.

The bankruptcy case only serves as a stay from mandatory referral to Treasury for centralized collection. 31 CFR 285.12 (d) Exceptions to mandatory transfer , states the following:

> 31 CFR 285.12 (d )(1) A creditor agency is not required to transfer a debt to FMS pursuant to paragraph ( c)(1) only during such period of time that the debt:
> (B) The debt is the subject of proceedings pending in a court of competent jurisdiction, including bankruptcy proceedings, whether initiated by the creditor agency, the debtor, or any party.

The DCIA has granted the Secretary of Treasury the authority to grant exemptions from mandatory referral to Treasury. The statute authorizes the Secretary to grant exemptions at the request of the head of an agency, or upon the Secretary's own initiative and determination. 31 CFR 285.12 (d)(5) (i) . SEC does not have such an exemption, and therefore, can not circumvent the mandatory referral of this debt, in its entirety, to Treasury.

The fact that SEC's failure to timely refer this debt to Treasury has coincided with this bankruptcy is of no consequence to the DCIA's requirement of mandatory referral of this debt to Treasury for collection. By law, this bankruptcy proceeding stays the mandatory referral requirement until its conclusion, and does not confer an exemption to SEC to commence an unauthorized alternative collection procedure by filing a Proof of Claim in this Court. 31 CFR 285.12 (d)(1)(B).

Pursuant to this rule, SEC must now wait until the conclusion of this bankruptcy case to make the mandatory referral of this debt to Treasury for collection.

## ISSUES ON APPEAL

1. THIS DEBT BECAME ELIGIBLE FOR MANDATORY REFERRAL TO TREASURY FOR COLLECTION 6 MONTHS PRIOR TO THIS BANKRUPTCY.

2. THIS BANKRUPTCY DOES NOT EXEMPT SEC FROM MANDATORY REFERRAL OF THIS DEBT TO TREASURY.

3. SEC COULD HAVE APPLIED FOR AN EXEMPTION FROM MANDATORY TRANSFER OF THIS DEBT TO TREASURY.

4. THE TREAURY REGULATION (31 CFR §900.8) IS INAPPLICABLE IN THIS MATTER BECAUSE IT ENFORCES THE TREASURY'S CENTRALIZED DEBT COLLECTION PROCEDURES. THE DEBT IN THIS MATTER HAS NOT YET BEEN REFERRED TO TREASURY FOR COLLECTION.

Respectfully submitted,

Charles Zandford
420 Union Street
Milton, DE. 19968
(302) 351-4693

2007 JAN -4 AM 10:27

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true copies of the Debtor's Issues On Appeal have been served via first class mail, postage prepaid, on this 4th day of January, 2007, upon the following:

Jeffery S. Cianncіulli
Suite 500
1339 Chestnut St.
Phila. , PA. 19107-3519

Amy J. Greer Esq.
SEC
701 Market St.
Suite 2000
Philadelphia, PA. 19106

Charles Zandford
420 Union St.
Milton, DE, 19968
(302) 352-4693