Amy J. Greer, Esquire
SECURITIES AND EXCHANGE COMMISSION
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA 19106
(215) 597-3100

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: CHARLES ZANDFORD,<br><br>　　　　　　　　　　　　　Debtor. | :<br>:<br>: Case No. 05-13305-PJW<br>:<br>: |

**SECURITIES AND EXCHANGE COMMISSION'S**
**COUNTERDESIGNATION OF RECORD ON APPEAL (Docket # 90)**

Judgment Creditor Securities and Exchange Commission ("Commission"), by the undersigned counsel, hereby submits its Counterdesignation of the Record, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure.

Since the Appellant served the Commission with his document entitled "Debtor/Appellant's Designation of Issues on Appeal" by mail on January 3, 2006 (according to the postmark), the Commission first became aware of the filing on Thursday, January 4, 2006. Accordingly, Zandford's filing is not only incomplete, as it fails to actually designate any documents that should comprise the record on appeal in this case, but it was also untimely. Zandford's untimely filing affords this Court sufficient basis to dismiss his appeal. However, in

an abundance of caution, the Commission files the instant Counterdesignation of Record on Appeal.

I.      **THE ISSUES ON APPEAL**

   **Zandford Has No Standing To Pursue An Appeal.**

The Commission takes no issue with the Bankruptcy Court's determination to deny Debtor's Petition to Disallow the Commission's Proof of Claim, either in the first instance or on Zandford's Motion for Reconsideration. The Bankruptcy Court decided the issues thoroughly and correctly – both times.

However, Zandford has no standing to pursue this appeal, since, as the Bankruptcy Court pointed out in its decisions, Zandford has no financial interest in the outcome. Zandford has received his discharge and, on his own motion, the funds exempt from the bankruptcy estate already have been paid to him. *See* Bankruptcy Docket Entries # 52 and # 71.

Because he cannot, Zandford never has contested either the validity of the Commission's claim or the fact that the claim is not dischargeable in this bankruptcy proceeding. Accordingly, whether the monies at issue are paid toward the satisfaction of the Zandford's debt to the Commission through this proceeding, or whether the proceeds of the bankruptcy estate are attached by the Commission following the conclusion of this proceeding, the result is the same: Zandford gets nothing. *See* Court's Letter Ruling of July 18, 2006 (Docket Entry # 84) ("Even if I were to grant the Debtor's petition to disallow the claim, this would have no practical significance.") *See also, e.g.*, In re Dykes, 10 F.3d 184, 188-189 (3d Cir. 1993) (dismissal of appeal based on debtor's lack of interest in the outcome); Caserta v. Tobin, 175 B.R. 773, 774-775 (S.D. Fla. 1994) (where a Trustee has been appointed and where the estate will have no

surplus, "courts have consistently held that a chapter 7 debtor is not a party in interest for the purpose of objecting to creditor claims.") (citing numerous cases); In re Manshul Construction Corp., 223 B.R. 428, 429-430 (Bankr. S.D.N.Y.1998) (same).

Accordingly, this Court should dismiss Zandford's appeal.

## II.   COUNTERDESIGNATION OF THE RECORD ON APPEAL

Notwithstanding that Zandford has failed to make *any* record designations, in accordance with the Federal Rules of Bankruptcy Procedure, the Commission counter-designates the following docket entries for inclusion in the record on appeal:

| Docket No. | Description |
| --- | --- |
| 1 | Zandford's Chapter 7 Voluntary Petition |
| 10 | Zandford's Amended Schedule F |
| 11 | Zandford's Schedules D, E, G, H, Statement of Intention and Declaration Concerning Statement of Financial Affairs |
| 12 | Zandford's Amended Schedule F |
| 22 | Zandford's Amended Schedules B, C, F, G, Declaration Concerning Schedules, Statement of Financial Affairs, Compensation of Attorney, Statement of Intention and Creditor Matrix |
| 25 | Notice to Change Case from No Asset to Asset |
| 27 | Notice of Appearance and Request for Service of Notices and Pleadings filed by Securities and Exchange Commission |
| 28 | Notice of Assets |
| 31 | Zandford's Motion to Disallow Proof of Claim filed by Securities and Exchange Commission As Being Ineffective |
| 35 | Zandford's Motion to Extend Time to Obtain Documents from SEC or have the Court Order SEC to Comply with Petitioner's Freedom of Information Action Request |

| | |
|---|---|
| 38 | Zandford's Motion to Seek Leave of Court to Supplement Petition to Disallow Securities and Exchange Commission's Proof of Claim as Ineffective with SEC's Own Rules |
| 41 | Commission's Objection to Debtor's Petition to Disallow Proof of Claim (with exhibits) |
| 42 | Commission's Objection to Debtor's Request for Additional Time to Obtain Documents |
| 43 | Zandford's Motion to Allow Disbursement of Exempt Funds |
| 48 | Commission's Supplemental Objection to Debtor's Request for Additional Time to Obtain Documents |
| 49 | Zandford's Motion for Production of Documents By SEC |
| 52 | Order Discharging Debtor |
| 57 | Commission's Response to Debtor's Motion to Approve the Production of Documents |
| 60 | Zandford's Supplemental Request for Production of Documents By SEC |
| 62 | Zandford's Motion to Compel SEC to Produce Documents Requested by Petitioner |
| 63 | Zandford's Correction to Page 13 and Accompanying Exhibit to Motion to Compel SEC to Produce Documents |
| 71 | Order Granting Motion to Allow Disbursement of Exempt Funds |
| 77 | Zandford's Amended Motion to Disallow Claims Filed by the Securities and Exchange Commission Pursuant to the Debt Collection Improvement Act of 1996 |
| 78 | Zandford's Renewal of Motion to Compel Production of Documents by SEC |
| 79 | Zandford's Supplement to Petitioner's Renewed Motion to Compel SEC to Product the Requested Documents |
| 82 | Zandford's Reply to SEC's Objection to Debtor's Petition to Disallow Proof of Claim |

| | |
|---|---|
| 84 | Court's Letter Ruling Dated July 18, 2006 With Respect to the Debtor's Petition to Disallow the Securities and Exchange Commission's Proof of Claim |
| 85 | Order Denying the Debtor's Petition to Disallow the Securities and Exchange Commission's Proof of Claim |
| 86 | Zandford's Motion to Reconsider Order Denying Debtor's Petition to Disallow the Securities and Exchange Commission's Proof of Claim |
| 87 | Commission's Response to Debtor's Motion for Reconsideration (with exhibits) |
| 88 | Zandford's Reply to SEC's Response to Debtor's Motion for Reconsideration |
| 89 | Court's Letter Ruling Dated November 27, 2006 Denying the Debtor's Motion for Reconsideration. |

Respectfully submitted,

/s/ Amy J. Greer
Amy J. Greer
District Trial Counsel

SECURITIES AND EXCHANGE COMMISSION
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA  19106
(215) 597-3100

Dated:  January 5, 2007