Amy J. Greer, Esquire
SECURITIES AND EXCHANGE COMMISSION
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA  19106
(215) 597-3100

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:   CHARLES ZANDFORD,<br><br>                              Debtor. | :<br>:<br>: Case No. 07-cv-00030UNA<br>:<br>: |

**SECURITIES AND EXCHANGE COMMISSION'S**
**MOTION TO DISMISS APPEAL (Docket # 90)**

Judgment Creditor Securities and Exchange Commission ("Commission"), by the undersigned counsel, hereby moves for the dismissal of the appeal filed by Debtor Charles Zandford ("Zandford"), as, among other things, the Debtor lacks standing.

**Background and Procedural Posture**

Zandford filed his Chapter 7 Petition in this case on October 11, 2005.  At that time, the Commission was not listed among his creditors and Zandford's judgment debt to the Commission of $343,000 plus interest was not listed among his unpaid debts.  The Commission was not notified of Zandford's bankruptcy filing.  Although he had filed the bankruptcy proceeding as a no asset case, Zandford did, in fact, have assets coming to him from the estate of this late wife.  *See* Docket Entries ## 10, 11, 12, 22.

The Commission, in attempting to collect its debt, learned of the distribution to be paid to Zandford by the Administrator of his late wife's estate immediately prior to learning that Zandford had filed a bankruptcy. The Commission notified the Administrator of Zandford's late wife's estate of the bankruptcy filing; notified the Chapter 7 Trustee of the monies due to be paid to Zandford, which resulted in the Trustee's filing of a Notice to Change Case From No Asset to Asset (Docket # 25); and filed its entry of appearance and Proof of Claim (Docket # 27).[1]

Almost immediately, Zandford began his meritless campaign to obstruct the Commission's participation in this bankruptcy proceeding. *See, e.g.*, Docket # 31. Zandford is an experienced litigant,[2] who, in the past, has filed numerous fruitless appeals that have been subject to summary dismissals or affirmances. *See* SEC v. Zandford, 111 Fed. Appx. 118 (4th Cir. 2004) (summary affirmance); United States v. Zandford, 181 F.3d 94, 1999 U.S. App. LEXIS 13711 (4th Cir. 1999) (appeal dismissed); United States v. Zandford, 1997 U.S. App. LEXIS 6327 (4th Cir. 1997) (affirmance, holding the "numerous" issues raised on appeal to be

---

[1] Zandford's judgment debt was hard won by the Commission, which first sued Zandford for securities fraud in 1995, shortly after Zandford was indicted on 13 counts of wire fraud, all of which was based on Zandford's scheme to defraud an elderly man and his disabled daughter out of their savings. Zandford was criminally convicted and, based on the facts underlying that conviction, the Commission filed for and obtained summary judgment against Zandford. The matter was appealed all the way to the United States Supreme Court and back, with the end result that on February 25, 2004, the United States District Court for the District of Maryland ordered Zandford to pay disgorgement in the amount of $343,000 within thirty days, an Order which Zandford, of course, appealed. That debt has never been paid. The entire procedural history underlying the judgment debt is set forth at length, with citations, in the Commission's Objection to Debtor's Petition to Disallow Proof of Claim (Docket # 41).

[2] Indeed, how many litigants are there who find themselves noted as an "active litigant" by the United States Supreme Court in a reported decision? *See* SEC v. Zandford, 535 U.S. 813, 818 n. 3 ("Nor do we review the District Court's decision denying respondent discovery – a decision that may have been influenced by respondent's frequent filings while incarcerated. The District Court noted that respondent 'has been an active litigant before and during his incarceration.'")(citing numerous cases filed by Zandford).

"meritless"); Zandford v. Prudential-Bache Securities, Inc., 1993 U.S. App. LEXIS 28597 (4th Cir, 1993) (dismissing appeal of interlocutory order for lack of jurisdiction). Thus, unlike most *pro se* litigants, Zandford probably has logged more court time and filed more papers than some licensed attorneys.

As the docket in this bankruptcy proceeding indicates, Zandford has spent much of his, and the Bankruptcy Court's, time and energy attempting to get the Commission's Proof of Claim disallowed.[3] The Bankruptcy Court has considered the issue fully and fairly, even giving him the benefit of a full reconsideration. However, the Court found Zandford's arguments to be legally and factually unsound and the Petition has been twice denied. *See, e.g.,* Court's Letter Ruling of November 27, 2006 at p. 4 (". . . . then Debtor's argument for disallowance of the SEC's claim is not only legally deficient, but factually deficient as well.") After Zandford's Motion for Reconsideration was denied, this appeal followed.[4]

## ARGUMENT

### Zandford Has No Standing To Pursue An Appeal.

The Commission takes no issue with the Bankruptcy Court's determination to deny Debtor's Petition to Disallow the Commission's Proof of Claim, either in the first instance or on Zandford's Motion for Reconsideration. The Bankruptcy Court decided the issues thoroughly and correctly – both times.

---

[3] *See* Docket ## 31, 35, 38, 49, 60, 62, 77, 78, 79, 82, 86, 88, 90, 91.

[4] Notwithstanding his substantial experience in this regard, Zandford somehow filed his record designations quite late, and when he finally made a filing, he failed to designate a single docket entry as relevant to the District Court's consideration of his appeal. On the basis of that untimeliness and the lack of actual record designations, this appeal can and should be dismissed, and the Commission so stated in its Counterdesignations of the Record.

However, in any event, Zandford has no standing to pursue this appeal, since, this is a Chapter 7 case and a Trustee has been appointed. Moreover, as the Bankruptcy Court pointed out in its decisions, Zandford has no financial interest in the outcome. Zandford already has received his discharge and, on his own motion, the funds exempt from the bankruptcy estate have been paid to him. *See* Bankruptcy Docket Entries # 52 and # 71. Further, no matter what the outcome of this appeal, Zandford will get nothing from the bankruptcy estate.

### Only The Trustee Can Pursue An Appeal of the Bankruptcy Court's Decision.

A Trustee has been appointed in this Chapter 7 bankruptcy case. "The Bankruptcy Code provides that the trustee in bankruptcy 'is the representative of the estate' and 'has capacity to sue and be sued.' 11 U.S.C. § 323(a), (b) (2003). 'As a general matter, in a chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals.'" In re Dionisio, 2003 U.S. App. LEXIS 12432, ** 5-6 (3d Cir.), *cert. denied*, 540 U.S. 1049 (2003) (*quoting* In re Richman, 104 F.3d 654, 657 (4th Cir. 1997)) (*citing* In re New Era, Inc., 135 F.3d 1206, 1209 (7th Cir. 1998); In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994); In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994); In re Thompson, 965 F.2d 1136, 1143 n.12 (1st Cir. 1992); Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988)). The Trustee has lodged no objection to the Commission's Proof of Claim. Thus, Zandford has no standing to appeal and the District Court is without jurisdiction to review the Bankruptcy Court's decisions. *See* In re Dionisio, 2003 U.S. App. LEXIS 12432, at * 6.

### No Matter What The Decision, Zandford Gets Nothing As The Result of This Appeal.

In the rare circumstance when a Chapter 7 debtor can succeed in establishing standing to appeal a decision of the bankruptcy court, he must do so by adducing sufficient evidence that

4

> nullification of the . . . [order] is likely to result in an overall surplus in the chapter 7 estate -- *viz.*, a total nonexempt-asset valuation exceeding all allowed claims against the chapter 7 estate -- to which the debtor, *qua* individual, would become entitled once the bankruptcy case is closed, *see, e.g.,* Cundiff v. Cundiff (In re Cundiff), 227 B.R. 476, 478 (B.A.P. 6th Cir. 1998) (citing 11 U.S.C. § 554(c), noting that all unadministered chapter 7 estate property revests in the individual debtor at close of bankruptcy case).

Spenlinhauer v. O'Donnell, 261 F.3d 113, 119 (1st Cir. 2001) (*citing* In re McGuirl, 86 F.3d 1232, 1234 (D.C. Cir. 1996); In re Thompson, 965 F.2d 1136, 1143 n.12 (1st Cir. 1992); In re Willemain, 764 F.2d 1019, 1022 (4th Cir. 1985)).

Zandford can offer no such proof to this Court, and he has admitted as much. Because he cannot, Zandford never has contested either the validity of the Commission's claim or the fact that the claim is not dischargeable in this bankruptcy proceeding.[5] Accordingly, whether the monies at issue are paid toward the satisfaction of the Zandford's debt to the Commission through this proceeding, or whether the proceeds of the bankruptcy estate are attached by the Commission following the conclusion of this proceeding, the result is the same: ***Zandford gets nothing.*** *See* Court's Letter Ruling of July 18, 2006 at p. 3 (Docket Entry # 84) ("Even if I were to grant the Debtor's petition to disallow the claim, this would have no practical significance.") *See also, e.g.*, In re Dykes, 10 F.3d 184, 188-189 (3d Cir. 1993) (dismissal of appeal based on debtor's lack of interest in the outcome); Caserta v. Tobin, 175 B.R. 773, 774-775 (S.D. Fla. 1994) (where a Trustee has been appointed and where the estate will have no surplus, "courts have consistently held that a chapter 7 debtor is not a party in interest for the purpose of

---

[5] Even in his "Debtor/Appellant's Designation of Issues on Appeal," Zandford is quite clear that he "does not challenge this debt or its collectability." *See* Debtor/Appellant's Designation of Issues on Appeal p. 2.

objecting to creditor claims.") (citing numerous cases); In re Manshul Construction Corp., 223 B.R. 428, 429-430 (Bankr. S.D.N.Y.1998) (same).

If the Commission's Proof of Claim is considered together with Zandford's other debts, this bankruptcy estate will have no surplus and Zandford will be left owing the Commission for the balance due on his debt. If the Commission's Proof of Claim were to be disallowed, as the Bankruptcy Court noted, "the SEC would presumably seek to attach the remaining assets . . . held by the chapter 7 trustee that would otherwise be returned to the Debtor." *See* Court's Letter Ruling of July 18, 2006 at p. 6. In fact, because the Commission's debt is nondischargeable, the Bankruptcy Court even did the math and determined that Zandford is actually *better off* if the Commission's claim is partially paid through his bankruptcy estate. *See id.* Accordingly, since Zandford has no financial interest in this appeal, it should be dismissed and this bankruptcy case should proceed to its inevitable conclusion.

## CONCLUSION

For the reasons set forth herein, the Securities and Exchange Commission respectfully moves for the dismissal of Zandford's appeal.

                Respectfully submitted,

                Amy J. Greer
                District Trial Counsel

                SECURITIES AND EXCHANGE COMMISSION
                Mellon Independence Center
                701 Market Street
                Suite 2000
                Philadelphia, PA  19106
                (215) 597-3100

Dated: January 18, 2007

Amy J. Greer, Esquire
SECURITIES AND EXCHANGE COMMISSION
Mellon Independence Center
701 Market Street
Suite 2000
Philadelphia, PA  19106
(215) 597-3100

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:   CHARLES ZANDFORD,<br><br>                              Debtor. | : <br> : <br> : Case No. 07-cv-00030UNA <br> : <br> : |

### ORDER

FOR the reasons set forth in the Motion to Dismiss Appeal filed by the Securities and Exchange Commission, the Notice of Appeal filed by the Debtor, Charles Zandford, is HEREBY DISMISSED.

_____
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that this 18th day of January, 2007, a true and correct copy of the foregoing Securities and Exchange Commission's Motion to Dismiss Appeal was served upon the following by Federal Express:

**Counsel of Record for Chapter 7 Trustee**
Jeffrey S. Cianciulli
Weir & Partners, LLP
Widener Building
1339 Chestnut Street
Suite 500
Philadelphia, PA 19107

Charles Zandford
420 Union Street
Milton, DE 19968

_____
Amy J. Greer
Catherine E. Pappas