## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES ZANDFORD, | : | |
| | : | |
| Debtor/Appellant, | : | |
| v. | : | Civil Action No. 07-CV-30 (GMS) |
| | : | |
| SECURITIES AND EXCHANGE | : | |
| COMMISSION, | : | |
| | : | |
| Appellee. | : | |

### SECURITIES AND EXCHANGE COMMISSION'S
### OPPOSITION TO APPELLANT'S MOTION FOR ENLARGEMENT
### OF TIME TO ANSWER MOTION TO DISMISS APPEAL

Appellee Securities and Exchange Commission ("Commission"), by the undersigned

counsel, hereby opposes Appellant/Debtor Charles Zandford's Motion for Enlargement of Time

to Answer the Securities and Exchange Commission's Motion to Dismiss Appeal ("Zandford

Motion").

Zandford asserts that he requires additional time to respond to the Commission's Motion

to Dismiss his Appeal because (1) he needs to obtain purported additional evidence in support of

his appeal; and (2) he claims that Petition to Disallow the Securities and Exchange

Commission's proof of claim represents a non-core proceeding and should have been considered

by the District Court in the first instance.  Because neither of these assertions is valid, the

Commission respectfully requests that this Court deny Zandford's motion and reiterates its

request that this Court dismiss Zandford's appeal.

## **The Evidentiary Record for this Appeal is Closed.**

Zandford does not require additional time to gather evidence so as to respond to the

Commission's Motion to Dismiss Appeal, since he will not have the opportunity or the right to

supplement the evidentiary record before this Court. Moreover, the issue of whether or not

Zandford has standing to pursue this appeal, a legal question, simply does not rest on any

documentation that Zandford might obtain from the Department of Treasury's Office of

Financial Management. *See* Zandford Motion at ¶ 2. Accordingly, an enlargement of time to

respond should not be granted on such basis.

### **Zandford's Petition to Disallow the Commission's Proof of Claim is a Core Proceeding Appropriately Considered by the Bankruptcy Court.**

Although it is not entirely clear from the language of Zandford's motion, he also appears

to now argue that his own Petition to Disallow the Commission's Proof of Claim (the "Petition")

somehow represents a non-core proceeding that should have been considered by this Court, and

not the Bankruptcy Court, in the first instance and, on that basis, he seeks an enlargement of time

to respond to the Commission's Motion to Dismiss his appeal. *See* Zandford Motion at ¶ 3.

Assuming that is, in fact, the argument he seeks to make, Zandford's claim is legally unsound.

The determination of whether or not to disallow the Commission's proof of claim plainly

constitutes a core proceeding, as expressly set forth in the jurisdictional statute. *See* 28 U.S.C. §

157(b)(2) ("Core proceedings include, but are not limited to . . . (B) allowance or disallowance of

claims against the estate . . . ."); *see also, e.g., Halper v. Halper*, 164 F.3d 830, 836 (3d Cir.

1999)  ("First, a court must consult § 157(b). Although § 157(b) does not precisely define "core"

proceedings, it nonetheless provides an illustrative list of proceedings that may be considered

"core." *See id.* § 157(b)(2)(A)-(O). Second, the court must apply this court's test for a "core"

proceeding. Under that test, " 'a proceeding is core [1] if it invokes a substantive right provided

by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.' ") (citing numerous cases).

As confirmed by the express language of 28 U.S.C. § 157(b)(2)(B), here, the substantive right invoked relates to the propriety of a claim filed against the bankruptcy estate, a circumstance that arises only in the context of a bankruptcy case. Thus, Zandford's allegation that his Petition to Disallow the Commission's proof of claim present non-core issues is without legal basis. Accordingly, this Court should not afford Appellant additional time to respond to the Commission's Motion to Dismiss Appeal so as to afford Zandford the time to research an allegation that is (1) irrelevant to the legal issues raised by the Motion to Dismiss; and (2) without any sound legal basis.

## **CONCLUSION**

For the reasons set forth herein, the Securities and Exchange Commission respectfully requests that this Court deny Zandford's Motion for Enlargement of Time to Answer to the Commission's Motion to Dismiss Appeal and, again, moves this Court to dismiss Zandford's appeal, as the Appellant/Debtor lacks standing to pursue the claim.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

Ellen W. Slights
Assistant United States Attorney
Delaware Bar No. 2782
1007 N. Orange Street, Suite 700
Wilmington. DE 19801
(302) 573-6277 ext. 158
Ellen.Slights@usdoj.gov

Amy J. Greer
District Trial Counsel
Pennsylvania Bar No. 55950
Securities and Exchange Commission
Philadelphia District Office
701 Market Street, Suite 2000
Philadelphia, PA 19106
(215) 597-3100
GreerA@SEC.gov

*Attorneys for Judgment Creditor/Appellee*
*Securities and Exchange Commission*

Dated:  January 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2007, I electronically filed the attached OPPOSITION TO APPELLANT'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER TO MOTION TO DISMISS APPEAL with the Clerk of the Court using CM/ECF, and have delivered two copies of said document via United States Mail, postage prepaid, to the following:

**Counsel of Record for Chapter 7 Trustee:**

**Jeffrey S. Cianciulli**
**Weir & Partners, LLP**
**Widener Building**
**1339 Chestnut Street**
**Suite 500**
**Philadelphia, PA 19107**

**Debtor:**

**Charles Zandford**
**420 Union Street**
**Milton, DE  19968**

/s/  Ellen W. Slights
_____
Ellen W. Slights
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHARLES ZANDFORD,                          :
                                           :
      Debtor/Appellant,          :
   v.                                 :    Civil Action No. 07-CV-30 (GMS)
                                           :
SECURITIES AND EXCHANGE                    :
COMMISSION,                                :
                                           :
      Appellee.                  :

### ORDER

UPON CONSIDERATION of Appellant's Motion for Enlargement of Time to Answer the Securities and Exchange Commission's Motion to Dismiss Appeal, and the Appellee Securities and Exchange Commission's Opposition thereto, and the entire record herein, it is this _____ day of _____, 2007 hereby

ORDERED that the Appellant Charles Zandford's Motion for Enlargement of Time should be and it hereby is DENIED; and it is,

FURTHER ORDERED that Appellant shall file any response to the Motion to Dismiss Appeal on or before _____, 2007.


                            _____
                            Honorable Gregory M. Sleet
                            UNITED STATES DISTRICT JUDGE