IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHARLES ZANDFORD,

        Debtor/Appellant,

v.

        Civil Action No. 07-CV-30 (GMS)

SECURITIES AND EXCHANGE
COMMISSION,

        Judgment Creditor/Appellee.

## SECURITIES AND EXCHANGE COMMISSION'S
## REPLY TO APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL
(Docket # 14)

Judgment Creditor Securities and Exchange Commission ("Commission"), by the undersigned counsel, hereby replies to the Appellant's Motion In Opposition to SEC's Motion to Dismiss Appeal ("Opposing Brief") filed by Debtor Charles Zandford ("Zandford").

As previously discussed in the Commission's Motion to Dismiss Appeal (Docket # 5), Zandford is without standing to pursue this appeal, since this is a Chapter 7 case and a Trustee has been appointed. Further, as the Bankruptcy Court expressly pointed out in its July 18, 2006 decision, Zandford has no financial interest in the outcome. *See generally* Opinion dated July 18, 2006 at pp. 3-7 (Bankruptcy Docket # 85). Zandford already has received his discharge and, on his own motion, the funds exempt from the bankruptcy estate have been paid to him. *See* Bankruptcy Court Docket Entries # 52 and # 71. Finally, no matter what the outcome of this appeal, Zandford will get nothing from the bankruptcy estate, since, as the Bankruptcy Court also concluded, the Commission will obtain these funds either as a creditor in the bankruptcy or

by attaching the bankruptcy estate for the balance remaining after payment of other creditors.[1] *See* Opinion dated July 18, 2006 at p. 6 (Bankruptcy Docket # 85). By his Opposing Brief, Zandford appears to take no issue with these points, so the Commission will not further address these matters, except to say that they provide this Court with an ample basis on which to dismiss this appeal.

Instead, Zandford now claims, for the first time, having never raised the issue in the Bankruptcy Court, that his Petition to Disallow the Commission's Proof of Claim was a non-core proceeding. Presumably, he also asserts that this allegation somehow is relevant to this Court's consideration of his appeal. Zandford is wrong on both counts.

So as not to further waste the Court's time, as the matter previously was discussed in the Commission's Opposition to Appellant's Motion for Enlargement of Time to Answer Motion to Dismiss Appeal (Docket # 9), the Commission will merely note here that the applicable jurisdictional statute, 28 U.S.C. § 157(b)(2), specifically identifies, among core proceedings, those proceedings relating to the allowance or disallowance of claims, and the decisional authority that binds this court further supports this conclusion. *See, e.g., Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999). Further, the Commission adds that, not only is Zandford incorrect in his legal assessment, but since Zandford failed to raise this baseless claim in the Bankruptcy Court, the issue is not properly before this Court. *See O'Brien v. Valley Forge Specialized Services Corporation*, 173 Fed. Appx. 977, 979 (3d Cir. 2006) (regarding an issue not raised in

---

[1] Notably, the Bankruptcy Court actually concludes, after doing the calculations, that it is in the best interest of Appellant Zandford to allow the Commission to pursue its claim as a creditor in the bankruptcy proceeding. *See* Opinion dated July 18, 2006 at p. 7 (Bankruptcy Docket # 85) ("If allowed, the Debtor would owe the SEC roughly $297,032.92. If the claim were disallowed, and the SEC recovered the remaining assets from the estate by attachment, then the Debtor would owe the SEC roughly $319,979.... Thus, disallowance of the SEC claim actually is detrimental to the Debtor.")

the District Court, the Court concludes that, "in addition to not being preserved for appellate review, the claim is of dubious merit").

In this desperate effort to breathe life into this fatally flawed appeal, Zandford also has repeatedly attempted to add "evidence" to the "record." *See, e.g.*, Appellant's Motion for Enlargement of Time to Answer the Securities and Exchange's Motion to Dismiss Appeal (Docket # 8) (stating that one of the bases for which the requested extension was sought was to permit Zandford to obtain additional evidence); *and see* Exhibits 1-10 of Appellant's Motion in Opposition to SEC's Motion to Dismiss Appeal (Docket # 14). Again, Zandford had ample opportunity to present to the Bankruptcy Court any and all evidence and arguments in support of his Petition to Disallow the Commission's proof of claim, an opportunity of which he took full advantage. However, this Court's consideration of Zandford's appeal, should it choose to substantively consider that appeal, is "limited to the record before the bankruptcy judge." *In re Gilchrist Company*, 410 F. Supp. 1070, 1074 (E.D. Pa. 1976). Thus, all such further alleged evidence offered by Zandford should be stricken from the record.

## CONCLUSION

For the reasons set forth herein, and in the Commission's prior filings, the Securities and Exchange Commission respectfully requests that this Court grant its Motion and dismiss this appeal.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

/s/ Ellen W. Slights

Ellen W. Slights
Assistant United States Attorney
Delaware Bar No. 2782
1007 N. Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277 ext. 158
Ellen.Slights@usdoj.gov

Amy J. Greer
District Trial Counsel
Pennsylvania Bar No. 55950
Securities and Exchange Commission
Philadelphia District Office
701 Market Street, Suite 2000
Philadelphia, PA 19106
(215) 597-3100
GreerA@SEC.gov

*Attorneys for Judgment Creditor/Appellee*
*Securities and Exchange Commission*

Dated: March ___, 2007

4

## AFFIDAVIT OF SERVICE

I, Kathie Gray, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on March 1, 2007, I electronically filed the attached **SECURITIES AND EXCHANGE COMMISSION'S REPLY TO APPELLANT'S OPPOSITION TO MOTION TO DISMISS APPEAL** with the Clerk of the Court using CM/ECF, and have delivered two copies of said document via United States Mail, postage prepaid, to the following:

**Counsel of Record for Chapter 7 Trustee:**
Jeffrey S. Cianciulli, Esq.
Weir & Partners LLP
Widener Building
1339 Chestnut Street
Suite 500
Philadelphia, PA 19107

**Debtor:**
Charles Zandford
420 Union Street
Milton, DE 19968

*/s/ Kathie Gray*

Kathie Gray