IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: Charles Zandford

---

Charles Zandford,                )
                                 )
        Appellant                )   Civil Action No. 07-30 (GMS)
                                 )
   v.                            )
                                 )
Securities and Exchange Commission )
                                 )   Bankruptcy Case No. 05-13305
        Appellee                 )   AP 06-81

APPELLANT'S REPLY TO SEC'S REPLY TO APPELLANT'S OPPOSITION
TO MOTION TO DISMISS APPEAL

---



Charles Zandford
420 Union Street
Milton, DE. 19968
(302) 351-4693

Charles Zandford ('the Appellant') respectfully submits this brief in response to SEC's third Opposition Motion (Docket #14) to dismiss his appeal. The facts and the law governing this case have been documented in previous filings by the Appellant. This response addresses SEC's latest scenario for dismissal, and will end SEC's repetitive Motions for dismissal of appeal.

## I.  DISCUSSION

### A.  The Bankruptcy Court's Conduct Raises A Constitutional Question.

During the pendency of the bankruptcy case, the Appellant was unaware of the distinction between "core" and "none-core" proceedings. He became aware of this subject matter jurisdictional issue while researching his appeal, and has preserved it in his appeal that is now before this Court. Subject matter of a Federal Court can be challenged at any stage of the litigation, including for the first time on appeal. See American Fire and Gas. Co. v. Finn 341 U.S. 6, 71 S. Ct. 534, 95 L.Ed. 702 (1951).

The core/none-core distinction advanced in Northern Pipeline Const. Co. v. Marathon Pipeline Co., 458 U.S. 50, 102 S. Ct.2858, 73 L.Ed.2d 598 (1982) unquestionably is one of constitutional import, in that it concerns the authority of an Article I court to enter a final judgment in a none-core proceeding absent the consent of the parties. The Appellant's ignorance of the core/none-core distinction and his failure to allege the none-core nature of his adversarial proceeding before the Bankruptcy Court does not diminish the constitutional question raised by the Bankruptcy Court's ruling, and as such, it requires the Court to conduct a **de novo review** of the Bankruptcy Court's conduct and Judgment.

This is a 'none-core' but otherwise 'related' proceeding, and plainly qualifies and is supported by the Third Circuit's settled precedent. The source of this adversarial proceeding was a pre-petition SEC action which did not arise in the context of Title 11, it did not assert a Title 11 right, and survives outside of the Bankruptcy Court. Had it not been for the Appellant's bankruptcy, this adversarial proceeding would have never appeared in a Bankruptcy Court.

1

The issues in the adversarial proceeding against the SEC, and in this appeal, require substantial and material consideration of none-Title 11 Federal law involving the United States Treasury, its agencies, statutes, rules and regulations that affect interstate commerce 28 U.S.C. § 157 (d). The functions of the Treasury and its Financial Management Services affect interstate commerce. Financial Management Service (FMS) provides central payment services for all Executive Branch agencies, operates the Federal Government's collections and deposit systems, provides government-wide accounting services, and manages the collection of delinquent debt.

The glaring none Title 11 nature of this case not with standing, the Bankruptcy Court is required in all cases to make a <u>sua sponte</u> determination as to whether or not a proceeding is core, 28 U.S.C. § 157(b)(3) ("The bankruptcy judge <u>shall</u> determine, <u>on the judge's own motion</u> or on timely motion of a party, whether a proceeding is a core proceeding.") (emphasis added). <u>The Bankruptcy Judge did not make the required determination in this case</u> (emphasis added). It makes simple sense that this provision would have been phrased very differently were the Congress to have intended that all "related to" proceedings referred to the bankruptcy court were to be deemed presumptively core ( as the Bankruptcy Judge did in this case).

As a 'none-core' proceeding, it is required that all parties must give express consent to the Bankruptcy Court before it can enter a final order or judgment. In absence of express consent the Bankruptcy Court may hear the proceeding but may not enter a final order or judgment. Instead, the Bankruptcy Court submits proposed findings of facts and conclusions of law to the District Court Section 157(c)(1). There was no express consent given by the Appellant, or the other parties, to the finality of the Bankruptcy Court's judgment in this matter- either orally or in writing, and as such the Bankruptcy Court's judgment is not final.

**B.  This Proceeding Raises A Question Of First Impression , And Was Subject To Mandatory Transfer to The District Court.**

This proceeding involves, in its entirety, substantial and material issues of federal **nonbankruptcy** law involving the Debt Collection Improvement Act of 1996 ( a statute),

2

and its implementing regulations containd in 31 CFR Part 285 et seq, and the Federal Claim Collection Standards governing the United States Treasury, and its Financial Management Services' nationwide centralized debt collection procedures and activities which affect interstate commerce, and raises issues that have not been previously addressed by any court. To this date, no court of competent jurisdiction has conducted an inquiry into the application of the DCIA and its implementing regulations specifically to determine and identify the circumstance(s), if any, that would permit SEC, or another Federal agency not exempt from the DCIA, to circumvent the DCIA's statutorily mandated debt referral requirement to Treasury for centralized collection.

Furthermore, the Appellant's adversarial proceeding constituted a 'none-core', but otherwise 'related' case which under the Third Circuit's precedent was eligible for mandatory withdrawal to the District Court, because the Appellant was a party to the proceeding, the resolution of the proceeding required consideration of a none-code Federal statute which regulated interstate commerce. However, the Appellant failed to timely file the motion for withdrawal because he was unaware of the distinction between 'core' and 'none core' adversarial proceedings and the related jurisdictional issues, and the bankruptcy judge failed to undertake the Core/none-core determination to determine whether the bankruptcy Court had jurisdiction over the adversarial proceeding.

## II. CONCLUSION

Based upon the foregoing, The Appellant's appeal from the Bankruptcy Court's ruling is not subject to dismissal.

Respectfully submitted,

*Charles Zandford*
Charles Zandford
420 Union Street
Milton, DE. 19968
(302) 351-4693

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true copies of Appellant's Reply To SEC's Reply To Appellant's Opposition To Motion To Dismiss Appeal have been served via first class mail, postage prepaid, on this 5 day of March, 2007, upon the following:

Jeffery S. Ciannciulli
Suite 500
1339 Chestnut St.
Phila., PA. 19107-3519


Amy J. Greer Esq.
SEC
701 Market St.
Suite 2000
Philadelphia, PA. 19106


_____
Charles Zandford
420 Union St.
Milton, DE. 19968
(302) 352-4693

Zandford
420 Union St.
Milton, DE. 19968

Mr. Ronald Eberhard
U.S. District Court
4209 Federal Building
844 King St., Room 4209
Wilmington, DE. 19801

