IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: CHARLES ZANDFORD | ) ) ) ) ) | C.A. No. 07-30 |

## ORDER

1. On December 11, 2006, Charles Zandford ("Zandford"), a debtor in chapter 7 bankruptcy, filed a notice of appeal from the July 18, 2006 letter ruling of United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). In its letter ruling, the Bankruptcy Court denied Zandford's petition to disallow the Securities and Exchange Commission's (the "SEC") proof of claim. Zandford bases his appeal on the Bankruptcy Court's "misapplication of the law governing the collection of the debt." (D.I. 1.)

2. On January 19, 2007, the SEC filed a motion to dismiss Zandford's appeal. (D.I. 5.) In its motion, the SEC argues that Zandford has no standing to bring the appeal because this is a chapter 7 case and a Trustee has been appointed.

3. Standing is subject to review at all stages of litigation, because a lack of standing undermines the jurisdiction of both the Bankruptcy Court and the district court acting as an appellate court. *In re Dionisio*, No. 02-3020, 2003 U.S. App. LEXIS 12432, at * 5 (3d Cir. Apr. 17, 2003) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546-47, 89 L.Ed.2d 501, 106 S.Ct. 1326 (1986)).

4. The court finds instructive the Third Circuit's opinion in *In re Dionisio*, holding that a debtor in a chapter 7 proceeding lacked standing, because, "[a]s a general matter, in a chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to

prosecute appeals." 2003 U.S. App. LEXIS 12432, at *5 (citing cases) (internal quotations omitted); see 11 U.S.C. § 323 (a) and (b) (providing that the trustee in a bankruptcy "is the representative of the estate[,]" and "has capacity to sue and be sued"). Here, Alfred T. Guiliano ("Guiliano") was appointed as the chapter 7 Trustee of Zandford's estate on October 12, 2005. Accordingly, it is Guiliano, not Zandford, who has standing to bring an appeal of the Bankruptcy Court's July 18, 2006 ruling. Because Zandford does not have standing to bring this appeal, the court will grant the SEC's motion to dismiss.

Therefore, IT IS HEREBY ORDERED that:

1. The SEC's Motion to Dismiss Appeal (D.I. 5) is GRANTED.

2. Zandford's Motion to Amend Issues on Appeal (D.I. 11) is DENIED as moot.

3. The Clerk of Court is Ordered to close this case.

CHIEF, UNITED STATES DISTRICT JUDGE



FILED
SEP 2 4 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE