# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**IN RE: Charles Zandford**

———————————————————————————————————————

| | | |
|---|---|---|
| **Charles Zandford,** | ) | |
| | ) | |
| **Appellant** | ) | **Civil Action No. 07-30 (GMS)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Securities and Exchange Commission** | ) | |
| | ) | **Bankruptcy Case No. 05-13305** |
| **Appellee** | ) | **AP 06-81** |



BD scanned

## APPELLANT'S MOTION FOR RECONSIDERATION OF THE COURT'S
## ORDER DISMISSING HIS APPEAL DUE TO LACK OF STANDING

———————————————————————————————————————

**Charles Zandford**
**10 N.E. 4th St.**
**Milford, DE. 19968**
**(302) 745-5843**

## I. ARGUMENT

The Appellant, Charles Zandford respectfully requests that the Honorable Court reconsider its ruling that Zandford lacked standing to appeal a Bankruptcy Court's ruling. The Court's ruling is attached as an Exhibit. Zandford asserts three reasons for reconsideration. First, Zandford has already asserted his 'aggrieved person' status to have standing to bring this appeal ( see docket entry #14. p.4). In that Brief, Zandford clearly stated that if the Securities and Exchange Commission's disputed Proof of Claim for $343,000 is nullified due to the statutory mandate of the Debt Collection Improvement Act of 1996 ( 'DCIA' a statute), the bankruptcy case will be closed and there will be a surplus in the estate that will give him standing to bring this appeal ( see docket entry #14., p. 4).

Second, Zandford did not cite any one of the myriad of the cases that plainly contradict this Court's ruling because standing is a factual matter, and it was assumed that the Court would undertake the necessary factual determinations. However, in light of the Court's ruling Zandford will now cite a few of these cases in support of his Motion for Reconsideration.

Third, the case on which the Court relied as authority for its ruling ruled only that a general principle existed that debtors should not be allowed to appeal, the decision was identified by the Third Circuit Court of Appeals as applicable only to the parties to that appeal. It did not consider the 'exception' to this general principle.

## A.    The Cases That Establish Zandford's Standing.

The Court ruled that Zandford lacked standing because he was a debtor and because the Trustee "is the representative of the estate," and that, "[a]s a general matter, in a chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals." Order par. 4. Because this ruling fails to reference the applicable cases and because Zandford did not cite those cases, a sampling of these cases will be cited below.

Here, Zandford retains a direct and substantial pecuniary interest in the ruling on the matter raised and for which the Court ruled that he did not have standing.

Multiple cases conflict with the Court's 'Pecuniary Interest' principle that persons and organizations retain standing to appeal if the issue they raise will give or increase their pecuniary interest. The cases are specific about this 'pecuniary interest' principle and the application of these

2

principles to Chapter 7 cases and debtors. The cases include a case from the

Third Circuit Court of Appeals.

In **Cult Awareness Network, Inc. v. Martino (In re Cult Awareness**

**Network, Inc.), 151 F.3d 605, 607-608 (7th Cir. 1998)**, the Seventh Circuit Court

of Appeals instructs that (emphasis added):

> "There is an established "exception" to the rule that debtors do not have
> standing to object to bankruptcy orders, which is not so much an exception as
> a careful application of the pecuniary interest rule itself. Occasionally a
> debtor might be able to satisfy all debts with the assets from the estate and be
> left with some amount remaining. If the debtor can show a reasonable
> possibility of a surplus after satisfying all debts, then the debtor has shown a
> pecuniary interest and has standing to object to a bankruptcy order".

Other cases include *Kapp v. Naturelle, Inc.,* **611 F.2d 703, 706-07 (8th**

**Cir.1979);** *In re Goodwin's Discount Furniture, Inc.,* **16 B.R. 885, 888**

**(Bankr. 1st Cir.1982);** *In re Roberts*, **20 B.R. 914, 916 (E.D. N.Y. 1982),**

**and** *In re Lapointe*, **39 B.R. 80 (Bankr. Ky. 1984).**

The principle on which these cases is based is simple. If the ruling

will provide the person or organization before the Court with a surplus from

the assets of the estate, after all obligations of the estate are satisfied then the

person or organization has standing. This principle has been applied to

debtors whose appeal, like the appeal here, was based on the fact that a

favorable ruling would provide a surplus in the estate at the close of the

3

bankruptcy case, which satisfies the 'pecuniary interest' requirement of the debtor.

The Third Circuit Court of Appeals has specifically adopted this principle in a Chapter 7 case that was a broader application of the principle than the mere application of the principle to a debtor. The Court applied the principle to a none-party to the case and ruled that the none-party had standing to challenge a ruling. In **Northview Motors Inc. v. Chrysler Corporation, 186 F. 3d 346, 349 (3d Cir. 1999)** (emphasis added):

> As an initial matter, we must decide whether the Cudas have standing to appeal the order of the District Court granting Chrysler's motion to enforce the settlement agreement. Ordinarily, those who were not parties to the proceeding below may not appeal an order of a district court. See *Caplan v. Fellheimer, Eichen, Braverman & Kaskey, 68 F.3d 828, 836 (3d Cir. 1995)*. However, this Court has recognized that a nonparty may bring an appeal when three conditions are met: (1) the nonparty has a stake in the outcome of the proceedings that is discernible from the record; (2) the nonparty has participated in the proceedings before the district court; and (3) the equities favor the appeal. See id.
>
> The first requirement is clearly satisfied. Because the Bankruptcy Court ordered the Trustee to abandon Northview's claims against Chrysler to the Cudas, the Cudas will be the recipients of any payment made by Chrysler in satisfaction of these claims. Thus, the Cudas have a substantial stake in the outcome of these proceedings. See *Binker v. Commonwealth of Pennsylvania*, 977 F. 2d 738, 745 (3d Cir. 1992) (potential recipients of settlement agreement have substantial stake in litigation).

4

Debtors have standing under this principle even if the issue will only reduce their liablity after discharge. **In re McGuirl. 86 F. 3d 1232, 1236- (D.C. Cir. 1996).**

Here, Zandford will have a sizeable surplus if his underlying challenge to SEC's collection of the debt under the Bankruptcy Code is accepted. There will be more than $50,000 in the estate if SEC's $343,000 Proof of Claim is denied and ordered to be withdrawn subject to the statutory mandate of the DCIA, and transferred to the U.S. Treasury for collection pursuant to the Treasury Offset Program. **In the Bankruptcy Court, where this Court's evaluation ends, Zandford will have a surplus. This gives him standing.** (emphasis added). What happens to these surplus funds after the close of this bankruptcy case is beyond the Bankruptcy Court's jurisdiction, and irrelevant to the factual question of standing in this matter.

**B.     The Case Cited By The Court
As Authority For Its Ruling Its Cannot Provide Authority.**

The Court based its opinion on **In re Dionisio,** No. 02-3020 U.S. **App. LEXIS 12432 at \*5 (3d Cir. Apr. 17, 2003)** (emphasis added), "holding that a debtor in a chapter 7 proceeding lacked standing, because, '[a]s a general matter, in a chapter 7 proceeding, the trustee alone has

standing to raise issues before the bankruptcy court and to prosecute appeals.' 2003 U.S. App. LEXIS 12432, at *5." **Dionisio** cannot provide authority here because the 'pecuniary interest' principle constitutes an 'exception' to this " general matter" and because **Dionisio** was considered by the Court as not providing authority for any case other than **Dionisio.**

## II. Conclusion.

The Appellant, Charles Zandford respectfully requests that the Honorable Court reconsider its ruling that dismissed his appeal from a Bankruptcy Court's ruling for lack of standing and rule that the Appellant has standing to raise the underlying issue of the SEC's claim. Zandford also requests that in the event this Court grants him standing, that his Motion to Amend His Issues on Appeal be granted, and briefing schedule established.

Respectfully submitted,

Charles Zandford
10 N.E. 4th St.
Milford, DE.  19963
(302) 725-0655

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re: CHARLES ZANDFORD )  C.A. No. 07-30
                        )
                        )

## **ORDER**

1.  On December 11, 2006, Charles Zandford ("Zandford"), a debtor in chapter 7 bankruptcy,
    filed a notice of appeal from the July 18, 2006 letter ruling of United States Bankruptcy
    Court for the District of Delaware (the "Bankruptcy Court"). In its letter ruling, the
    Bankruptcy Court denied Zandford's petition to disallow the Securities and Exchange
    Commission's (the "SEC") proof of claim. Zandford bases his appeal on the Bankruptcy
    Court's "misapplication of the law governing the collection of the debt." (D.I. 1.)

2.  On January 19, 2007, the SEC filed a motion to dismiss Zandford's appeal. (D.I. 5.) In its
    motion, the SEC argues that Zandford has no standing to bring the appeal because this is a
    chapter 7 case and a Trustee has been appointed.

3.  Standing is subject to review at all stages of litigation, because a lack of standing undermines
    the jurisdiction of both the Bankruptcy Court and the district court acting as an appellate
    court. *In re Dionisio*, No. 02-3020, 2003 U.S. App. LEXIS 12432, at * 5 (3d Cir. Apr. 17,
    2003) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546-47, 89 L.Ed.2d 501,
    106 S.Ct. 1326 (1986)).

4.  The court finds instructive the Third Circuit's opinion in *In re Dionisio*, holding that a debtor
    in a chapter 7 proceeding lacked standing, because, "[a]s a general matter, in a chapter 7
    proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to

prosecute appeals." 2003 U.S. App. LEXIS 12432, at *5 (citing cases) (internal quotations omitted); *see* 11 U.S.C. § 323 (a) and (b) (providing that the trustee in a bankruptcy "is the representative of the estate[,]" and "has capacity to sue and be sued"). Here, Alfred T. Guiliano ("Guiliano") was appointed as the chapter 7 Trustee of Zandford's estate on October 12, 2005. Accordingly, it is Guiliano, not Zandford, who has standing to bring an appeal of the Bankruptcy Court's July 18, 2006 ruling. Because Zandford does not have standing to bring this appeal, the court will grant the SEC's motion to dismiss.

Therefore, IT IS HEREBY ORDERED that:

1.    The SEC's Motion to Dismiss Appeal (D.I. 5) is GRANTED.

2.    Zandford's Motion to Amend Issues on Appeal (D.I. 11) is DENIED as moot.

3.    The Clerk of Court is Ordered to close this case.

CHIEF UNITED STATES DISTRICT JUDGE

**FILED**

SEP 2 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that true copies of his ' Motion For Reconsideration"
were served via first class mail, postage prepaid, on this 3 day of October 2007, upon the
following:

      Jeffery S. Ciannciulli
      Suite 500
      1339 Chestnut St.
      Phila. , PA.   19107-3519

      Amy J. Greer Esq.
      SEC
      701 Market St.
      Suite 2000
      Philadelphia, PA. 19106

Charles Zandford
10 N.E. 4th St..
Milford, DE.   19963
(302)  725-0655

